GLICKSTEIN, Judge,
concurring specialty-
I find it difficult to give serious credence to defendant’s theory as I understand it; namely, that if the plaintiff was engaged in a criminal act, she was precluded from asserting any claim for a tort committed against her by someone else engaged in that act. Accordingly, if A and B were smoking marijuana, B would not only be subject to criminal prosecution for the illegal possession, she could not assert a claim against A for breaking her jaw because of some dispute between them over the “joint.” Summary judgment was apparently awarded on such theory. Appel-lee’s brief contains no case on point to support this theory; and I am unconvinced the facts here are a claim founded on one’s own illegal act.
The facts, giving every favorable inference to the plaintiff, were that she and her friends wanted to purchase an illegal drug for $5.00; and when they drove to the area of availability, the “sellers” took the youths’ $5.00, as well as the contraband and fled.
The defendants here are the driver and owners of the vehicle in which the plaintiff was a passenger. As I understand it, the driver left the immediate area following the “rip off,” and at or about the time he turned the vehicle around, the plaintiff suggested that they forget the incident and leave. Instead, the driver drove back down the block to the scene and some unknown person threw a concrete block through the open passenger window, hitting the plaintiff in the face.
The trial court apparently never considered whether there could be liability under the above recited circumstances, i.e. after the parties’ leaving the scene and returning; and I agree that we should not consider causation until it does.